**Hou Sheng ZHUANG, Petitioner,**

v.

**United States Attorney General Alberto R. GONZALES,[1] Respondent.**

**Noa. 05–1452–AG, A 78 956 428 NAC.**

United States Court of Appeals, Second Circuit.

April 4, 2006.

---

1. Pursuant to Fed. R.App. P. 43(c)(2), Alberto R. Gonzales, the current Attorney General, is automatically substituted for John Ashcroft, who was originally named as the respondent in this case.

Hou Sheng Zhuang, Corona, New York, for Petitioner.

Steven K. Mullins, United States Attorney, District of South Dakota, Jan L. Holmgren, Assistant United States Attorney, Sioux Falls, SD, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

Petitioner, Hou Sheng Zhuang, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming the decision of the Immigration Judge ("IJ") rejecting the petitioner's applica-tions for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and relief under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005);

In this case, the IJ failed to make an explicit adverse credibility determination, and, consequently, Zhuang has a rebuttable presumption of credibility on appeal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Indeed, the IJ specifically noted that "[b]y no means did [Zhuang's] testimony lead to the conclusion that his testimony lacked credibility." *See* AR at 45. At the same time, however, the IJ referred to "one item, one issue that" Zhuang never adequately explained, specifically, the "issuance of [Zhuang's] passport." *Id.* The IJ found that Zhuang could not adequately explain why the passport was purportedly issued on April 11, 2002 when Zhuang stated that he had no contact with the smuggler who had provided it to him prior to May or June 2002. *Id.* at 46. This discrepancy, according to the IJ, suggested that Zhuang planned to leave China regardless

of any problems with family planning authorities. *Id.* The IJ further noted that Zhuang had failed to explain why his wife's missed May 2002 examination appointment—that he claims triggered the family planning authorities' investigation—was not indicated in the examination book. *Id.* at 47.

Whatever question these discrepancies might raise about Zhuang's credibility, absent a specific finding adverse to him on this point, we cannot conclude that the IJ's denial of relief from removal is supported by substantial evidence. Accordingly, we remand for agency clarification of whether it does or does not deem Zhuang credible. We remind the agency that, in making its determination, it cannot speculate. *See Secaida–Rosales,* 331 F.3d at 309 (finding that the IJ's unsupported opinion about how an authoritarian government operates was impermissible speculation). Further, to the extent Zhuang offers explanations for his inconsistencies, it must demonstrate sufficient consideration for us to be able to determine that its ultimate decision was not arbitrary. *See Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 74 (2d Cir.2004). Although Zhuang consistently testified that a smuggler helped him obtain the passport and that he did not obtain the passport from Chinese authorities, the IJ concluded that there was "nothing in this record to indicate that the passport [was] anything other than a valid passport." *See* AR at 46. The IJ also stated that "[p]urportedly the passport was issued by the Chinese authorities." *Id.* Because the IJ did not point to anything in the record to support his conclusions, we could not conclude that such conjecture constitutes substantial evidence that Zhuang was not credible.

The same concern arises with respect to the IJ's seeming conclusion that the April 2002 issuance date on Zhuang's passport undermined Zhuang's testimony that he had sought the help of a smuggler in June 2002, in response to Chinese authorities investigating his family in May 2002. Zhuang explained that he was unaware of how the smuggler produced or secured false travel documents. The IJ did not acknowledge this explanation, much less offer reasons for rejecting it. As already noted, the IJ had in fact already indicated that Zhuang's testimony appeared credible.

Lastly, with respect to the "checkup booklet," the IJ asked Zhuang only why the first entry in the booklet was May 2001. *See* AR at 101. Zhuang replied that the prior checkup booklet was full and the authorities had to issue a new one. *Id.* However, the IJ did not ask Zhuang to explain why his wife's missed examination in May 2002 was not documented in the booklet. The record must be developed further on this point before the agency relies on it as a basis for rejecting Zhuang's claim. *Xue v. B.I.A.,* 439 F.3d 111 (2d Cir.2006).

Because Zhuang failed to argue his CAT claim in his petition for review, the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.